(No. 4772.    January 3, 1928.)

## OTTO CRONWALL, Appellant, v. W. E. TALBOY and HARRY WISHART, Respondents.

[262 Pac. 871.]

WATERS AND WATERCOURSES—MEASUREMENT OF WATER—JOINT USE OF DITCH AS CONDUIT—LOSSES FROM EVAPORATION AND SEEPAGE.

   1. Where decree vested users of water with several water rights of several specific amounts, joint use of ditch as common conduit did not vary legal consequences which flow from possession of these several water rights, but they remained same as though users had constructed separate ditches to carry water from creek to their land.

   2. Water user, vested by decree with several water rights in creek, was privileged to have exact amount allotted diverted from creek and delivered to land, less only losses occurring between point of diversion and point of delivery.

   3. Joint use of ditch as conduit by holder of several water rights did not deprive him of right to full allotment of water, and amount received should be same as if separate ditch had been constructed.

   4. Where users of water had been decreed several water rights in creek to specific amounts of water which was distributed by use of joint ditch, and watermaster apportioned losses of water due to evaporation and seepage over entire ditch *pro rata* among users, *held* each user must bear loss of water from seepage and evaporation only between point where diverted from creek and point where it was delivered to him from main ditch.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Action for an injunction. Judgment for defendant. *Reversed.*

Publisher's Note.

See Waters, 40 Cyc., p. 714, n. 85, p. 715, n. 86, p. 725, n. 50.

Ed. R. Coulter, for Appellant.

Under the law the water adjudicated to plaintiff was and must be measured and set apart to plaintiff at the point where the water used through Mann Creek Ditch is diverted from Mann Creek and taken into the Mann Creek Ditch. (*Stickney v. Hanrahan*, 7 Ida. 424, 63 Pac. 189; *Bennett v. Nourse*, 22 Ida. 249, 125 Pac. 1038; *State v. Twin Falls Canal Co.*, 21 Ida. 410, 121 Pac. 1039, L. R. A. 1916F, 236; *Basinger v. Taylor*, 30 Ida. 289, 164 Pac. 522; *Neil v. Hyde*, 32 Ida. 576, 583, 186 Pac. 710; 2 Kinney on Irrigation, 2d ed., secs. 768, 908.)

Plaintiff and the other water users taking water from Mann Creek through the Mann Creek Ditch are not tenants in common in the water carried through this ditch for the irrigation of their lands. (2 Kinney on Irrigation, sec. 773; 1 Wiel on Waters, 3d ed., sec. 320; *Norman v. Corbley*, 32 Mont. 195, 79 Pac. 1059; *City of Telluride v. Davis*, 33 Colo. 355, 108 Am. St. 101, 80 Pac. 1051; 3 Kinney on Irrigation, sec. 618.)

Plaintiff and the other water users taking water through the Mann Creek Ditch not being tenants in common in the water carried through said ditch, plaintiff should not be required to stand any part of the loss in said ditch occasioned by seepage and evaporation, occurring after the plaintiff takes his water from said ditch. (C. S., secs. 5606, 5626, 5630, 5632 and 5634; Wiel on Waters, sec. 320; 2 Kinney on Irrigation, 2d ed., secs. 618, 773.)

George Donart, for Respondents.

Where several persons as tenants in common of a water right and ditch right convey water through one ditch they are entitled to have the entire loss by seepage and evaporation equally prorated without regard to the points of their diversion from said ditch. (*Anderson v. Cook*, 25 Mont. 330, 64 Pac. 873, 65 Pac. 113; Wiel on Water Rights, 3d ed.; 1 Kinney on Irrigation, 2d ed., sec. 320, p. 344; 3 Kinney on Irrigation, sec. 1455, p. 2619.)

Where by the terms of a decree adjudicating the waters of a public stream a water right of a specific number of inches is decreed to a ditch or canal with the provision that the right to the use of waters so decreed to such ditch is for use upon certain lands belonging to individuals irrigating from said ditch in severalty and specifying the amount of water for use upon each piece of land, the said persons so taking water from the ditch to which the water right has been decreed, are tenants in common of the water right as long as it remains in the canal to which it was decreed and become owners in severalty only after it is diverted into their laterals from said main canal. (3 Kinney on Water Rights, 2d ed., sec. 1454; 38 Cyc. 4.)

GIVENS, J.—Appellant, one of fourteen owners and users of water through the Mann Creek Ditch, an unincorporated ditch company owned and operated by such users, brought this action to restrain respondents as watermaster and deputy watermaster from, in distributing the water, prorating the loss by seepage and evaporation instead of deducting it according to the distance of each user from the head of the ditch.

In 1910 the district court of Washington county adjudicated some of the water rights on Mann Creek. In 1919 another action was brought for the same purpose. Specific reference was made to the former decree, and the rights therein established, herein involved, were confirmed in the following language:

"That the following named parties to this action by reason of the appropriation, either in person, or through their predecessors in interest, of the amount of water set opposite their respective names, for use upon their respective lands herein described, and by virtue of their diligence in the prosecution of their right to a final decree in said former action in this court, and by virtue of said decree dated April 20th, 1910, are and each of them are entitled, and the various tracts of land of each of them are entitled to

the use of water from Mann Creek as follows, and in the
following order of priority, as

### PRIMARY RIGHTS.

MANN CREEK DITCH, date of priority 1874:
Flood water right, 680.61 miner's inches, 13.6122 cu. ft.
Low water right, 476.427 miner's inches, 9.5251 cu. ft.

For use upon lands in severalty between Mann Creek
ditch and Mann Creek, with no priority within the ditch,
as follows: . . . . "

(Then follows the names of the owners and users of
Mann Creek Ditch. A similar adjudication is made to each
ditch and the owners and users thereof on Mann Creek.)

Appellant was decreed a flood-water right of 73.85 miner's inches and a low-water right of .7 of that amount. He
was the first user on Mann Creek Ditch below the intake.

Until 1925 the users and owners of the waters of the
Mann Creek Ditch had annually selected a ditch boss to
regulate the distribution of the water, by whom the water
was distributed in a rather haphazard fashion but apparently to the satisfaction of all concerned. In 1925 the parties failed to select a ditch boss and upon a petition of a
proper number of individuals under the authority of C. S.,
sec. 5633–A, 1925 S. L., Ch. 99, p. 144, W. E. Talboy,
watermaster of Water District No. 41, which embraces the
Weiser River and all its tributaries, including Mann Creek,
appointed Harry Wishart, acting assistant deputy watermaster, manager of Mann Creek Ditch.

Theretofore the loss caused by seepage and evaporation
had been borne by each user according to the distance of
his individual laterals from the point of diversion of the
waters of the main ditch from the natural stream. Under
the new system the total average loss for the entire ditch
was estimated and this was then apportioned to each user
according to the amount of water he used and regardless
of the distance of his point of diversion from the head of
the ditch.

Appellant contends that, though common users of the ditch, the parties are not tenants in common of the water right and therefore he should not be compelled to share proportionately in the seepage and evaporation loss over the entire ditch.

[1]   The general tenor of the decree of June, 1921, confirming that of 1910, sufficiently indicates that the court intended to and did adjudicate to each of the respective users on the ditch a several water right of a several specific amount. The joint use of the common conduit does not vary the legal consequences which flow from the possession of these several water rights. These remain exactly the same as though the fourteen users had constructed fourteen separate ditches in which to carry their water from Mann Creek to their respective lands.

[2, 3]   One of those consequences is the right of the appellant to have diverted from Mann Creek the exact amount of water allotted to him by the decree, *Stickney v. Hanrahan,* 7 Ida. 424, 63 Pac. 189, and to have this same amount of water delivered to his land, less only the losses which have occurred between the point of diversion and the point of delivery. His use jointly with the others of a large ditch should neither reward nor penalize him or the other users of the ditch by giving him more or less water than he would have received had he constructed a separate ditch. It is true that in using a joint ditch the waters of the users below him are of assistance in carrying his water to his land, but likewise his water assists in carrying theirs.

[4]   No statute authorizes the method of distribution employed by the respondents and we therefore conclude that the method in use by the watermaster in apportioning losses over the entire ditch is an impairment of appellant's rights and without justification and illegal. Each user must bear the loss of water from seepage and evaporation only between the point where it is diverted from the creek and the point where it is delivered to him from the main ditch.

Points Decided.

The judgment is reversed and costs are awarded to appellant.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.